FILED
CLERK, U.S. DISTRICT COURT

7/30/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ____MMC____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>MIGUEL ANGEL AVILA,<br>  aka "Fredo,"<br>  aka "Quavo,"<br>  aka "Marcos,"<br>  aka "Papitas,"<br>OMAR AVILA SALMERON,<br>  aka "Simón Hernández,"<br>  aka "Andres,"<br>  aka "El Palatero"<br>JOSE JAIME GARCIA,<br>  aka "Pablo,"<br>  aka "Sneaky,"<br>GABRIEL MICHEL BECERRA,<br>  aka "Steven," and<br>JOSE ALFREDO MORENO GONZALEZ,<br><br>          Defendants. | CR No.  2:24-CR-00461-FMO<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 1203(a), 2(a): Conspiracy to Commit Hostage Taking and Hostage Taking; 18 U.S.C. §§ 1201(a)(1), (c), (2)(a): Conspiracy to Commit Kidnapping and Kidnapping; 18 U.S.C. §§ 1951(a), 2(a): Conspiracy to Interfere with Commerce by Extortion and Attempted Interference with Commerce by Extortion; 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(B)(i): Conspiracy to Transport Illegal Aliens; 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), (ii), 2(a): Transporting Illegal Aliens for Private Financial Gain; 8 U.S.C. § 1324(b)(1), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1203(a)]

[ALL DEFENDANTS]

A.    OBJECT OF THE CONSPIRACY

1.    Beginning on an unknown date, and continuing until on or about March 23, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants MIGUEL ANGEL AVILA, also known as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," GABRIEL MICHEL BECERRA, aka "Steven," and JOSE ALFREDO MORENO GONZALEZ knowingly conspired with each other and others known and unknown to the Grand Jury, to seize and detain, and threaten to kill, injure, and continue to detain people, who were nationals of the Republic of Mexico, in order to compel third persons to do an act, namely, to pay ransom to the hostage takers, as a condition for the release of the people detained, in violation of Title 18, United States Code, Section 1203(a).

2.    At times relevant to this Indictment, defendants AVILA, GARCIA, BECERRA, and MORENO were citizens and nationals of the United States.    At times relevant to this Indictment, defendant SALMERON was a citizen and national of the Republic of Mexico.

B.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE
      ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.    Defendants AVILA, SALMERON, GARCIA, BECERRA, and MORENO would, in order to extort money from victims, take hostage and hold

2

for ransom aliens who had been illegally smuggled from Mexico into the United States.

2.    Defendant AVILA would direct and assist defendant MORENO, and others known and unknown to the Grand Jury, to pick up the hostages outside of California, confiscate the hostages' cellular telephones, and drive the hostages to a stash house in Los Angeles County.

3.    Defendant AVILA would place ransom demand calls on the hostages' cellular telephones and defendants AVILA and SALMERON would send text messages to the hostages' family members, demanding that the hostages' family members pay money as ransom in order for the hostages to be released unharmed.

4.    Defendants AVILA, SALMERON, GARCIA, and BECERRA, and others known and unknown to the Grand Jury, would hold the hostages against the hostages' will while waiting for the ransom to be paid, including threatening the hostages with a stick-like object.

5.    Defendant AVILA would instruct and direct the hostage's family members to make electronic ransom payments, split between a bank account in the United States and a bank account in Mexico.

6.    Defendant AVILA would direct the hostage's family members to make cash ransom payments at a location where defendants AVILA, GARCIA, and BECERRA, and others known and unknown to the Grand Jury, would exchange the hostage for the cash ransom payment.

7.    Defendant AVILA, and others known and unknown to the Grand Jury, would chase, beat, and attempt to rekidnap any escaped hostage.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy, and to accomplish its object, defendants AVILA, SALMERON,

3

GARCIA, BECERRA, and MORENO, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On March 21, 2023, via cellular telephone, defendant AVILA directed defendant MORENO to drive to a Chevron gas station located in Chandler, Arizona.

Overt Act No. 2:    On March 21, 2023, defendant MORENO took as hostage four illegal aliens, including Victims N.C.L. and J.R.H., at or around that Chevron gas station in Chandler, Arizona, and transported them via truck to Burbank, California.

Overt Act No. 3:    On March 21, 2023, defendant MORENO took personal cellular telephones away from the four hostages he was transporting.

Overt Act No. 4:    On March 21, 2023, defendant AVILA directed defendant MORENO to drop off the four hostages at a restaurant in Burbank, California.

Overt Act No. 5:    On March 21, 2023, defendants AVILA, GARCIA, and BECERRA held four hostages, including Victims N.C.L. and J.R.H., in a house against their will.

Overt Act No. 6:    On March 21, 2023, using Victim N.C.L.'s personal cellular telephone, defendant AVILA demanded ransom money from a family member of Victim N.C.L. in exchange for the release of Victim N.C.L.

Overt Act No. 7:    On March 21, 2023, using Victim J.R.H.'s personal cellular telephone, defendant AVILA demanded ransom payments partially to an account in Mexico and partially to an account in the

United States from a family member of Victim J.R.H. in exchange for the release of Victim J.R.H.

Overt Act No. 8:    On March 22, 2023, via cellular telephones, defendants AVILA and SALMERON demanded payment from a family member of another hostage in exchange for the release of the hostage.

Overt Act No. 9:    On March 22, 2023, defendants AVILA, GARCIA, and BECERRA held four hostages, including Victims N.C.L. and J.R.H., in a motel room against their will.

Overt Act No. 10:    On March 22, 2023, after Victim N.C.L. escaped out of the second story bathroom window in a motel room, defendant AVILA and a co-conspirator chased Victim N.C.L. to a nearby location of the It's Boba Time shop in the Koreatown neighborhood of Los Angeles, California.

Overt Act No. 11:    On March 22, 2023, inside of the It's Boba Time shop in Koreatown, defendant AVILA body-slammed Victim N.C.L. to the ground, then placed him in a chokehold and punched him repeatedly in the face to try to kidnap him again.



<u>Overt Act No. 12:</u>  On March 22, 2023, defendants AVILA, GARCIA, and BECERRA restrained Victim J.R.H. and another hostage by tying their hands, transported them to another house, held them in a room, and threatened them with physical violence, including with a stick-like object, if they attempted to escape.

<u>Overt Act No. 13:</u>  On March 23, 2023, defendants AVILA, GARCIA, and BECERRA drove Victim J.R.H. to a gas station and took $11,000 in cash from Victim J.R.H.'s brother in exchange for Victim J.R.H.'s release.

COUNT TWO

[18 U.S.C. §§ 1203(a), 2(a)]

[ALL DEFENDANTS]

Beginning on or about March 21, 2023, and continuing until on or about March 23, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants MIGUEL ANGEL AVILA, also known as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," GABRIEL MICHEL BECERRA, aka "Steven," and JOSE ALFREDO MORENO GONZALEZ, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly and intentionally seized and detained, and threatened to kill, injure, and continue to detain a person, namely, Victims N.C.L. and J.R.H., nationals of the Republic of Mexico, in order to compel third persons to do an act, namely, to pay ransom to the hostage takers, as an explicit condition for the release of Victims N.C.L. and J.R.H.

1                              COUNT THREE

2                      [18 U.S.C. §§ 1201(a)(1), (c)]

3                          [ALL DEFENDANTS]

4    A.    OBJECT OF THE CONSPIRACY

5          Beginning on an unknown date, and continuing until on or about

6    April 25, 2023, in Los Angeles County, within the Central District of

7    California, and elsewhere, defendants MIGUEL ANGEL AVILA, also known

8    as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR

9    AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El

10   Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," GABRIEL

11   MICHEL BECERRA, aka "Steven," and JOSE ALFREDO MORENO GONZALEZ

12   knowingly conspired with each other and others known and unknown to

13   the Grand Jury, to knowingly, willfully, and unlawfully seize,

14   confine, inveigle, decoy, kidnap, abduct, and carry away aliens who

15   had been illegally smuggled from Mexico into the United States, and

16   hold said aliens for ransom and reward and otherwise, to

17   intentionally transport said aliens across state lines, and in

18   committing and in furtherance of the commission of the offense to use

19   a means, facility, and instrumentality of interstate and foreign

20   commerce, namely, telephones and motor vehicles, in violation of

21   Title 18, United States Code, Section 1201(a)(1).

22   B.    MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

23         ACCOMPLISHED

24         The object of the conspiracy was to be accomplished, in

25   substance, as the means numbered 1 through 7 as set forth in Count

26   One of this Indictment, which are re-alleged here.

27   ///

28   ///

                                    8

C.    <u>OVERT ACTS</u>

In furtherance of the conspiracy, and to accomplish its object, defendants AVILA, SALMERON, GARCIA, BECERRA, and MORENO, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the overt acts numbered 1 through 13 as set forth in Count One of this Indictment, which are re-alleged here.

COUNT FOUR

[18 U.S.C. §§ 1201(a)(1), 2(a)]

[ALL DEFENDANTS]

Beginning on or about March 21, 2023, and continuing until on or about March 23, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants MIGUEL ANGEL AVILA, also known as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," GABRIEL MICHEL BECERRA, aka "Steven," and JOSE ALFREDO MORENO GONZALEZ, and others known and unknown to the Grand Jury, each aiding and abetting the others, knowingly, willfully, and unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away Victims N.C.L. and J.R.H., and held Victims N.C.L. and J.R.H. for any reason, intentionally transported Victims N.C.L. and J.R.H. across state lines, and used a means, facility, and instrumentality of interstate and foreign commerce, namely, telephones and motor vehicles, in committing and in furtherance of the offense.

1                              COUNT FIVE

2                          [18 U.S.C. § 1951(a)]

3              [DEFENDANTS AVILA, SALMERON, GARCIA, and BECERRA]

4   A.   OBJECT OF THE CONSPIRACY

5        Beginning on an unknown date, and continuing until on or about

6   April 25, 2023, in Los Angeles County, within the Central District of

7   California, and elsewhere, defendants MIGUEL ANGEL AVILA, also known

8   as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR

9   AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El

10  Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," and GABRIEL

11  MICHEL BECERRA, aka "Steven," conspired with each other and others

12  known and unknown to the Grand Jury to knowingly and intentionally

13  obstruct, delay, and affect commerce and the movement of articles in

14  commerce by extortion, in violation of Title 18, United States Code,

15  Section 1951(a).

16  B.   MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE

17       ACCOMPLISHED

18       The object of the conspiracy was to be accomplished, in

19  substance, as the means numbered 1 through 7 as set forth in Count

20  One of this Indictment, which are re-alleged here.

21  C.   OVERT ACTS

22       In furtherance of the conspiracy, and to accomplish its object,

23  defendants AVILA, SALMERON, GARCIA, and BECERRA, along with Jose

24  Alfredo Moreno Gonzalez, and others known and unknown to the Grand

25  Jury, committed various overt acts within the Central District of

26  California, and elsewhere, including, but not limited to, the overt

27  acts numbered 1 through 13 as set forth in Count One of this

28  Indictment, which are re-alleged here.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT SIX

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS AVILA, SALMERON, GARCIA, and BECERRA]

On or about March 23, 2023, in Los Angeles County and San Bernardino County, within the Central District of California, and elsewhere, defendants MIGUEL ANGEL AVILA, also known as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," and GABRIEL MICHEL BECERRA, aka "Steven," and others known and unknown to the Grand Jury, each aiding and abetting the others, attempted to obstruct, delay, and affect foreign commerce, and the movement of articles in commerce, by knowingly and willingly committing extortion, in that defendants AVILA, SALMERON, GARCIA, and BECERRA attempted to obtain property, consisting of money from Victim J.R.H.'s family members, by means of threatened force, violence, and fear of injury, immediate and future, to Victim J.R.H.

COUNT SEVEN

[8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(A)(ii), (a)(1)(B)(i)]

[ALL DEFENDANTS]

A.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about April 25, 2023, in Los Angeles County, California, within the Central District of California, the Southern District of California, the District of Arizona, and elsewhere, defendants MIGUEL ANGEL AVILA, also known as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," GABRIEL MICHEL BECERRA, aka "Steven," and JOSE ALFREDO MORENO GONZALEZ, and others known and unknown to the Grand Jury, knowingly conspired and agreed with each other to transport and move aliens within the United States, knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of the law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii), (a)(1)(B)(i).

B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendants AVILA, SALMERON, GARCIA, and BECERRA, and others known and unknown to the Grand Jury, would direct co-conspirators, including Co-Conspirator 1, Co-Conspirator 2, and Co-Conspirator 3, to transport aliens who had been illegally smuggled from Mexico into the United States in exchange for payment.

2.    Knowing that the aliens were not citizens or nationals of the United States, defendants GARCIA, BECERRA, and MORENO, and others known and unknown to the Grand Jury, would transport the aliens within the United States from the District of Arizona and the Southern District of California to Los Angeles County, California, in exchange for payment from their co-conspirators.

3.    Co-Conspirator 4, and others known and unknown to the Grand Jury, would electronically transfer money to the drivers transporting said aliens to Los Angeles County, California, for gas, transportation, and other incidental expenses incurred in connection with the transportation of aliens.

C.    OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants AVILA, SALMERON, GARCIA, BECERRA, and MORENO, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the Central District of California, and elsewhere:

1.    Transportation of Illegal Aliens in June 2022

Overt Act No. 1:    On June 2, 2022, defendant AVILA offered to pay Co-Conspirator 1 $2,000 to transport two illegal aliens within the United States.

Overt Act No. 2:    On June 2, 2022, at defendant AVILA's direction, Co-Conspirator 1 picked up at least five illegal aliens in San Diego County, California, and transported them within the United States.

///

///

2. <u>Transportation of Illegal Aliens in November 2022</u>

<u>Overt Act No. 3:</u>   On November 26, 2022, defendant SALMERON instructed defendant AVILA to transport illegal aliens from a location near Otay Mesa, California to Fallbrook, California.

<u>Overt Act No. 4:</u>   On November 26, 2022, defendant AVILA texted defendant SALMERON that a driver was on the way, that the driver picked up nine illegal aliens, and that the driver was transporting said aliens.

3. <u>Transportation of Illegal Aliens in January 2023</u>

<u>Overt Act No. 5:</u>   On January 30, 2023, defendant GARCIA texted Co-Conspirator 2 a location near Jamul, California, where illegal aliens would be waiting to be transported.

<u>Overt Act No. 6:</u>   On January 30, 2023, at defendant GARCIA's direction, Co-Conspirator 2 picked up the illegal aliens and transported them to the Central District of California.

4. <u>Transportation of Illegal Aliens in February 2023</u>

<u>Overt Act No. 7:</u>   On February 10, 2023, at defendant AVILA's direction, Co-Conspirator 3 shared his live location via cellular telephone with defendants AVILA and BECERRA, and the foot guide smuggling illegal aliens into the United States to facilitate the transportation of said aliens within the United States.

<u>Overt Act No. 8:</u>   On February 10, 2023, at defendant AVILA's direction, Co-Conspirator 3 transported illegal aliens from a location near Jamul, California to Los Angeles, California.

<u>Overt Act No. 9:</u>   On February 10, 2023, defendant SALMERON texted defendant AVILA a photograph of a receipt documenting a $2,000 payment made to defendant GARCIA for the transportation of an illegal alien within the United States.

15

1    <u>Overt Act No. 10:</u>  On February 11, 2023, defendant SALMERON
2  texted defendant AVILA a photograph of a receipt documenting a $1,500
3  payment made to defendant GARCIA for the transportation of an illegal
4  alien within the United States.

5    5.  <u>Transportation of Illegal Aliens in March 2023</u>

6    <u>Overt Act No. 11:</u>  On March 19, 2023, defendant MORENO texted
7  his CashApp handle to defendant AVILA for "some money for food cause
8  yk I have none and I was waiting all night" in connection with
9  transporting aliens within the United States.

10    <u>Overt Act No. 12:</u>  On March 20, 2023, at defendant AVILA's
11  request, Co-Conspirator 4 sent $120 via CashApp to defendant MORENO.

12    <u>Overt Act No. 13:</u>  On March 21, 2023, at defendant AVILA's
13  direction, defendant MORENO picked up four aliens who had been
14  illegally smuggled from Mexico into the United States from a Chevron
15  gas station located in Chandler, Arizona.

16    <u>Overt Act No. 14:</u>  On March 21, 2023, at defendant AVILA's
17  direction, after defendant MORENO picked up the aliens in Chandler,
18  Arizona, defendant MORENO drove them to Los Angeles County,
19  California.

20    <u>Overt Act No. 15:</u>  On March 21, 2023, at defendant AVILA's
21  request, Co-Conspirator 4 sent defendant MORENO an additional $80 via
22  CashApp.

23    <u>Overt Act No. 16:</u>  On March 26, 2023, defendant BECERRA
24  coordinated with Co-Conspirator 5 by cellular telephone for Co-
25  Conspirator 5 to pick up illegal aliens near Tecate, California, and
26  transport them to a motel near Manzanita, California.

27    <u>Overt Act No. 17:</u>  On March 26, 2023, defendant BECERRA offered
28  Co-Conspirator 5 $60 for gas money.

Overt Act No. 18:   On March 26, 2023, at defendants AVILA and BECERRA's direction, Co-Conspirator 5 transported six illegal aliens from a location near Tecate, California to a motel near Manzanita, California.

COUNTS EIGHT AND NINE

[8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i), (ii), 2(a)]

[ALL DEFENDANTS]

On or about March 21, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants MIGUEL ANGEL AVILA, also known as ("aka") "Fredo," aka "Quavo," aka "Marcos," aka "Papitas," OMAR AVILA SALMERON, aka "Simón Hernández," aka "Andres," aka "El Palatero," JOSE JAIME GARCIA, aka "Pablo," aka "Sneaky," GABRIEL MICHEL BECERRA, aka "Steven," and JOSE ALFREDO MORENO GONZALEZ, knowing and in reckless disregard of the fact that the following aliens had come to, entered, and remained in the United States in violation of the law, knowingly transported and moved, the following aliens within the United States, in furtherance of such violation of law, for the purpose of private financial gain:

| COUNT | ALIEN |
|:-----:|:-----:|
| EIGHT | N.C.L. |
| NINE | J.R.H. |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Six of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)    all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

///

///

placed beyond the jurisdiction of the court; (d) has been
substantially diminished in value; or (e) has been commingled with
other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[8 U.S.C. § 1324(b)(1) and 28 U.S.C. § 2461]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 8, United States Code, Section 1324(b)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Seven through Nine of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States the following:

        (a)    Any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of any such offense;

        (b)    The gross proceeds of the commission of any such offense;

        (c)    Any property traceable to such conveyance or proceeds; and

        (d)    To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located

21

upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

DAMARIS M. DIAZ
Assistant United States Attorney
Acting Chief, Violent & Organized Crime
Section

JENA A. MACCABE
Assistant United States Attorney
Violent & Organized Crime Section

KALEY S. CHAN
Special Assistant United States
Attorney